UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMIAH SMITH, on behalf of himself and all others similarly situated, | ) ) ) | CASE NO. |
| Plaintiff, | ) ) | JUDGE |
| vs. | ) ) ) | |
| PPG INDUSTRIES, INC. | ) ) | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| Defendant. | ) ) | |
| | ) | **JURY DEMAND ENDORSED HEREON** |

Plaintiff Jeremiah Smith ("Plaintiff"), by and through counsel, for his Complaint against Defendant PPG Industries, Inc. ("PPG"), and based on personal knowledge of his own conduct and upon information and belief as to the conduct and acts of others, states and alleges as follows:

**INTRODUCTION**

1) This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219; and concerns the underpayment of overtime to non-exempt employees.

2) Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" employees who may join this case pursuant to §216(b) (the "Opt-Ins").

3) Plaintiff further brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA") on behalf of all

1

similarly situated employees currently or previously employed at Defendant's Ohio locations within the two years preceding the filing of this Action.

## JURISDICTION AND VENUE

4) This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5) Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

6) The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7) Plaintiff is an individual adult Ohio resident, who was employed by Defendant in Cleveland, Ohio.

8) At all relevant times, Plaintiff and those similarly situated were employees within the meaning of the FLSA and the OMFWSA.

9) Defendant is a Delaware Corporation doing business in Ohio. Upon information and belief, Defendant's principal place of business is in Pittsburgh, Pennsylvania. Defendant can be served through its registered agent The Prentice-Hall Corporation System, Inc., 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

10) At all relevant times, Defendant was an employer within the meaning of the FLSA and the OMFWSA.

11) At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12) At all relevant times, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13) Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

## FACTUAL ALLEGATIONS

14) Plaintiff was employed by Defendant as a non-exempt employee at Defendant's Cleveland, Ohio location from September 2018 through May 2019.

15) Other employees similarly-situated to Plaintiff are or were employed at Defendant's Cleveland, Ohio; Strongsville, Ohio; and Huron, Ohio locations, and were subject to the same policies as Plaintiff resulting in unpaid overtime.

16) Plaintiff and other similarly-situated employees were non-exempt employees under the FLSA and the OMFWSA, who were paid hourly wages.

17) Plaintiff and other similarly situated employees routinely worked forty (40) or more hours per workweek.

18) Plaintiff and those similarly situated were required to clock in at the start of each scheduled shift and clock out at the end of each scheduled shift.

19) Before the start of their shifts, Plaintiff and others similarly situated were required to perform certain unpaid off-the-clock work activities.

20) Similarly, after the conclusion of their shifts, Plaintiff and others similarly situated were required to perform certain unpaid off-the-clock work activities.

21) These activities were a necessary and indispensable part of their principal activities, were required by Defendant, were required under the Occupational Safety and Health

Administration ("OSHA"); and were performed for the Defendant's benefit; and it helped promote a more safe and efficient production process.

22) Some of these activities included, but are not limited to, cleaning and donning certain safety and protective clothing and equipment before clocking in, and doffing and cleaning the same clothing and equipment after clocking out.

23) Defendant required that Plaintiff and those similarly situated to him keep all required uniforms, protective wear, hard hats, and steel toed boots at the work location, and further required that Plaintiff and those similarly situated arrive at work approximately 15 minutes prior to their scheduled shifts to perform pre-shift activities.

24) Defendant required that Plaintiff and those similarly situated to him be present and at their work stations and actively performing work prior to their "official" start time. However, Defendant failed to compensate employees for work performed prior to their official start time or after the conclusions of their shifts.

25) At the conclusion of the shift, Defendant required Plaintiff and those similarly situated to punch out prior to doffing the protective equipment and did not compensate Plaintiff and those similarly situated for time spent donning such equipment.

26) Plaintiff and those similarly situated to Plaintiff frequently worked in excess of 40 hours per week. Accordingly, Defendant's failure to pay Plaintiff and those similarly situated for the activities described herein resulted in Plaintiff and those similarly situated being denied overtime compensation.

27) The amount of time Plaintiff and other similarly-situated employees spent on their pre- and/or post-shift work activity was more than *de minimis*. It is estimated to be approximately

15 to 30 minutes or more each day. Accordingly, this resulted in between 75 and 150 minutes of unpaid overtime per class member, per week.

28) As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid all overtime compensation for all of the hours they worked over forty (40) each workweek.

29) Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and Ohio law. For example, Defendant specifically instructed Plaintiff and the similarly situated employees to perform such work off the clock, evidencing Defendant's actual notice of these violations.

30) Defendant failed to make, keep, and preserve records of all required and unpaid work performed by Plaintiff and other similarly-situated employees. Therefore, Plaintiff and other similarly-situated employees are entitled to a reasonable estimate of such time.

## COLLECTIVE ACTION ALLEGATIONS

31) Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of other similarly-situated employees who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

32) The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> **All former and current non-exempt employees employed at Defendant's Ohio facilities who performed off-the-clock pre- and/or post-shift work within three years preceding the date of filing of this Complaint to the present (the "Collective Class").**

## OHIO CLASS ALLEGATIONS

33) Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and the following employees:

> **All former and current non-exempt employees employed at Defendant's Ohio facilities who performed off-the-clock pre- and/or post-shift work within two years preceding the date of filing of this Complaint to the present (the "Ohio Class").**

34) Each class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class but, upon information and belief avers that each consists of at least 40 employees.

35) There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay its employees for their pre- and/or post-shift activities and whether this practice resulted in the underpayment of overtime.

36) Plaintiff will adequately protect the interests of each and all of the Ohio Class. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

37) The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability the Ohio Class predominate over any questions affecting only individual class members.

38) Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small

that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Overtime Violations Pursuant to the FLSA—Collective Class)

39) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40) The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

41) Defendant violated the FLSA by having a company-wide policy requiring Plaintiff and those similarly-situated to preform off-the-clock work for pre- and/or post-shift work activity, for which Defendant did not compensate Plaintiff and those similarly-situated.

42) Defendant further violated the FLSA with this company-wide policy because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

43) Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and all overtime compensation earned at a rate of one and one-half times their regular rate of pay for all hours worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

44) Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

45) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

46) As a result of Defendant's practices and policies, Plaintiff and the Collective Class members have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (Overtime Violations Pursuant to the OMFWSA – Ohio Class)

47) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48) Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended. O.R.C. 4111.03(A).

49) Defendant violated Ohio law by maintaining a policy that required Plaintiff and those similarly-situated to preform off-the-clock work for pre- and/or post-shift work activity, for which Defendant did not compensate Plaintiff and those similarly-situated.

50) Defendant further violated Ohio law with this policy because it thereby failed to account for all hours worked for the purposes of calculating overtime hours in a workweek.

51) Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated Ohio law.

52) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of Ohio law.

53) As a result of Defendant's practices, Plaintiff and the Ohio Class members have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws; and because wages remain unpaid, damages continue.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, and all similarly-situated employees, collectively pray that this Honorable Court:

A. Conditionally certifying this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) for the Collective Class; and direct that Court-approved notice be issued to similarly-situated employees informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff, the Collective Class members who join this case pursuant to 29 U.S. C. § 216(b), and the Ohio Class;

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class he represents pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Christopher J. Lalak*
**NILGES DRAHER LLC**
Christopher J. Lalak (0090079)
614 West Superior Avenue
Suite 1148
Cleveland, Ohio 44113
Telephone:  216.230.2955
Email:  clalak@ohlaborlaw.com

Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:  330.470.4428
Facsimile:  330.754.1430
Email: sdraher@ohlaborlaw.com

*Counsel for Plaintiff*


## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Christopher J. Lalak*
Christopher J. Lalak

*Counsel for Plaintiff*

10