IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JEREMIAH SMITH, on behalf of himself and all others similarly situated,** | Case No.1:19-CV-01518 |
| Plaintiff, | Judge Solomon Oliver, Jr. |
| v. | **STIPULATION AND PROPOSED ORDER FOR CONDITIONAL CERTIFICATION, NOTICE, DUE DILIGENCE EXCHANGE AND MEDIATION** |
| **PPG INDUSTRIES, INC.,** | |
| Defendant. | |

The Parties believe they can avoid substantial litigation costs by entering into certain stipulations, exchanging due diligence materials, and exploring the possibility of negotiating a global settlement. Therefore, subject to the Court's approval, the Parties hereby stipulate as set forth below and consent to the entry of this stipulation as an order of the Court. The stipulated matters consist of (1) conditional certification of the case as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), on behalf of Named Plaintiff and others similarly situated, as defined herein, (2) provisions regarding the distribution of notice to potential opt-ins, (3) informal exchange of documents and information between the Parties enabling them to conduct due diligence regarding the claims and issues, (4) tolling of the statute of limitations, and (5) the exploration of settlement.

The following stipulations shall become effective between the parties upon the entry or endorsement of this stipulation as an order of the Court or the entry of a separate order approving the stipulation and ordering the matters contemplated.

**CONDITIONAL CERTIFICATION**

1. Section 216(b) of the FLSA provides that "[a]n action to recover the liability

1

prescribed" by the Act "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Section 16(b) specifies that "[n]o employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Conditionally certifying a case as a collective action under § 216(b) permits notice to be given to potential opt-ins informing them of the collective action and permitting them to join the case pursuant to § 216(b). *Comer v. Wal-Mart Stores*, 454 F.3d 544, 546-48 (6th Cir. 2006). *See Myers v. Hertz Corp.*, 624 F.3d 537, 555, n.10 (2d Cir. 2010) (conditional certification's sole effect is "to facilitate the sending of notice to potential class members").

2. The Parties stipulate that this case may be conditionally certified by the Court as a collective action under § 216(b) on behalf of Plaintiffs and others similarly situated, defined as:

> **All current and former non-exempt employees that worked for Defendant at Defendant's Cleveland, Ohio; Strongsville, Ohio; Euclid, Ohio; or Huron, Ohio facilities who worked 40 or more hours in any workweek for Defendant between November 11, 2016, and the present and who were required to don and doff uniforms or protective equipment on-site at Defendant's plant (the "Collective Class Members").[1]**

---

[1] The identities of the individuals in the Collective shall be determined as follows: Defendant shall first compile a confidential roster of all employees at the said facilities and the job codes and job code descriptions of said employees. Next, Defendant shall, for each location, identify for each job code and description at each location whether or not all employees in that code/description are required to don and doff on site and shall remove employees within those job codes/descriptions in which all employees were not required to don and doff on site from the list of employees in the class. Defendant shall also identify the job codes/descriptions in which some employees are required to don and doff on site and some are not. For those job codes, Defendant shall determine which specific employees with the job code/description were not required to don and doff on site and will remove them from the list of putative class members—Defendant will provide Plaintiffs with explanation or grounds upon which employees who were within job codes/descriptions in which some, but not all, employees don and doff on site were excluded from the class, or included in the class, as appropriate (e.g. line assignment, job assignment, building safety rating preventing uniforms from being removed from building, etc). Only time and pay data for employees who are identified by PPG as having been required to don and doff at PPG, but not employee contact information, shall be produced to Plaintiffs prior to the completion of private mediation.

## NOTICE AND MEDIATION

3. The Parties will jointly file a proposed plan for notice which shall include (i) the form of the proposed notice, (ii) the compilation of a roster of present and former employees to whom the notice will be sent, and (iii) logistical details of the distribution. First, however, the Parties respectfully ask the Court to postpone notice so that the proposed due-diligence exchange and settlement discussions can take place. The Parties agree to engage the services of a third-party mediator to facilitate these discussions.

4. The Parties agree that the mediation will take place on or before February 14, 2020. The Parties have engaged Mediator Carole Katz to conduct the mediation in Pittsburgh on February 13, 2020.

5. If the Parties are ultimately unable to settle this case, they will jointly ask the Court to approve a notice informing the Collective Class Members of this case and enabling them to participate. The Parties will meet and confer on the Notice and Notice Protocol. If the Parties settle the case, they will jointly ask the Court to approve the settlement, including a notice informing the Collective Class Members of this case and their right to participate in the settlement.

## DUE DILIGENCE EXCHANGE

6. For purposes of due diligence, Defendant will produce, no more than twenty-eight days prior to the date of the mediation, for the period of November 12, 2016 (3-years prior to the date of filing of this stipulation) and the present:

    (a) An Excel spreadsheet containing dates of employment and rates of pay for Collective Action Members,

    (b) Electronic time punch records/data, which are available, for Collective Action Members, and

    (c) Pay Data, which is available, for Collective Action Members.

The Parties will meet and confer on the precise format of the time and punch records/data and pay

records/data.

## TOLLING

7. The parties agree that applicable statutes of limitations for collective action members that have not already opted-in by filing a consent form shall be tolled from the date of the filing of this stipulation and proposed order through the date of the mediation.

Respectfully submitted,

| | |
|---|---|
| */s/ Shannon M. Draher* <br> Shannon M. Draher (0074304) <br> Nilges Draher LLC <br> 7266 Portage Street N.W. <br> Suite D <br> Massillon, OH 44646 <br> Telephone:   (330) 470-4428 <br> Fax:   (330) 754-1430 <br> Email:   sdraher@ohlaborlaw.com <br><br><br> */s/ Christopher J. Lalak* <br> Christopher J. Lalak (0090079) <br> 614 West Superior Ave <br> Suite 1148 <br> Cleveland, OH 44113 <br> Telephone:   (216) 230-2955 <br> Fax:   (330) 754-1430 <br> Email:   clalak@ohlaborlaw.com <br><br> Counsel for Plaintiffs | */s/ Christopher Michalski( via email consent)* <br> Littler Mendelson, P.C. <br> Inna Shelley (0085719) <br> Email: ishelley@littler.com <br> 1100 Superior Avenue, 20th Floor <br> Cleveland, OH  44114 <br> Telephone:   216.696.7600 <br> Fax:   216.696.2038 <br><br> Christopher Michalski (PA 93236) <br> (admitted Pro Hac Vice) <br> Email:   CMichalski@littler.com <br> Robert W. Pritchard (PA 76979) <br> (admitted Pro Hac Vice) <br> Email:   rpritchard@littler.com <br> EQT Plaza, 625 Liberty Avenue, 26th Floor <br> Pittsburgh, PA  15222-3110 <br> Telephone: 412.201.7634 <br> Fax:   412.456-2377 <br><br> Counsel for Defendant |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2019 the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Shannon M. Draher*
Shannon M. Draher (0074304)
*Counsel for Plaintiffs*